PIERRE BLANCHET vs. JAMES DAVIS — Error from Liberty County.

It is clearly erroneous to instruct a jury, that *the right to continue a cause was within the discretion of the judge,* when that instruction manifestly had the effect (if not so intended) to lead the jury to believe that a judge, in a county different from that in which a suit was pending, had a right to continue it in the absence of the parties to the suit.

The plaintiff in error sued the defendant for the alleged breach of a contract, by which the latter had undertaken, as the attorney of the former, to prosecute for him certain suits then pending in the district court of Montgomery county.

The contract is set forth, and bears date on the 4th day of October, 1842.

It appears that the defendant, being present at the court at Liberty, in the fall of 1843, had an understanding with the presiding judge there, that the suits of the plaintiff in Montgomery, in which he was his attorney, should be continued at the then next ensuing term of that court — neither of the parties to the Montgomery suits being present, or cognizant of this understanding. The defendant failed to attend the Montgomery court, and the plaintiff's suits there were dismissed for the want of prosecution.

The defense set up and relied on in evidence by the defendant, as an excuse for his failure to attend and prosecute the suits of the plaintiff at Montgomery, was this alleged understanding with the presiding judge at Liberty.

The cause was submitted to the jury, who, after a short absence, returned and inquired of the court " whether the judge at Liberty had the right to continue the Montgomery suits by verbal understanding with the plaintiff's attorney, and in the absence and without the knowledge of either party to the suits in Montgomery." To which the court replied: " The right of continuance was at the discretion of the judge."

There was a verdict and judgment for the defendant.

HANCOCK for plaintiff in error.

GILLESPIE for defendant in error.

Mr. Justice WHEELER delivered the opinion of the court.

The only question in this case which seems deserving of notice is, as to the correctness of the response of the court to the inquiry propounded by the jury.

In considering of their verdict, it became material for the jury to be informed of the legal effect of the alleged understanding at Liberty to continue the Montgomery cases; and with an express reference to this understanding, and in answer to an inquiry in which it was assumed as true by the jury themselves, they were instructed that " the right of continuance was at the discretion of the judge." This, to the minds of the jury, must have been decisive of the question. It was, in effect, to say to

them that the judge at Liberty could, at his discretion, legally continue the cases pending in the court thereafter to be holden in Montgomery; and the inference by the jury must have been that, having done so, the defendant was excused from attending at Montgomery, as the attorney of the plaintiff in the prosecution of his suits there.

Upon the most obvious principles, this response of the court must be understood as an *affirmative answer* to the precise inquiry propounded by the jury, and so understood, that it was erroneous, and well calculated to mislead, cannot admit of doubt.

However true the instruction given may have been, considered in the abstract, that it was not so in its application, in the present case, is quite too clear for argument.

We are of opinion, therefore, that the judgment be .eversed, and the cause remanded for further proceedings.